UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

___ANNETTE NASH___

NAME OF PLAINTIFF(S)

COMPLAINT

TOWNES, J

v.

SCANLON, M.J.

JURY TRIAL DEMANDED

___HOME GOODS, INC.___

NAME OF DEFENDANT(S)

CV 16 1043

This action is brought for discrimination in employment pursuant to (check only those that apply):

__✓__ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
**NOTE:** *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

_____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

__✓__ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

-1-

Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

✓ Equal Pay Act -

1. Plaintiff resides at:

__26 Ebbits Street  #4M__
Street Address

__Richmond__ , __S.I.__ , __NY__ , __10306__ , __718-351-2555__
County          State       Zip Code    Telephone Number

2. Defendant(s) resides at, or its business is located at:

__2718 Hylan Blvd.__
Street Address

__Richmond__ , __NY__ , __NY__ , _____
County       City     State      Zip Code

3. The address at which I sought employment or was employed by the defendant(s) is:

__Same as #2__
Street Address

_____ , _____ , _____ , _____
County    City     State     Zip Code

-2-

4.  The discriminatory conduct of which I complain in this action includes *(check only those that apply).*

    ____ Failure to hire.

    ____ Termination of my employment.

    ✓ Failure to promote.

    ✓ Failure to accommodate my disability.

    ✓ Unequal terms and conditions of my employment. (pay)

    ✓ Retaliation

    ✓ Other acts *(specify):* harassment .

    **NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5.  It is my best recollection that the alleged discriminatory acts occurred on:
    late 2011 – present
    Date(s)

6.  I believe that the defendant(s) *(check one)*

    ✓ is still committing these acts against me.

    ____ is **not** still committing these acts against me.

7.  Defendant(s) discriminated against me based on my:
    *(check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged)*

    [ ] race _____    [ ] color _____

    [✓] gender/sex female    [✓] religion Christian

    [ ] national origin _____   stress

    [✓] disability PTSD - emotional abuse and anxiety

    [ ] age. If age is checked, answer the following:

    I was born in _____. At the time(s) defendant(s) discriminated against me,
    Year
    I was [ ] <u>more</u>   [ ] <u>less</u> than 40 years old. *(check one).*

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

8. The facts of my case are as follows:

_____

_____

_____SEE ATTACHED PAGES_____

_____

_____

_____

_____

_____

_____

*(Attach additional sheets as necessary)*

**NOTE:** *As additional support for your claim, you may attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission on Human Rights.*

9. It is my best recollection that I filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct on: ___N/A___.
   Date

10. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: Feb. early 2015.
    Date

-4-

INSERT TO THE COMPLAINT

1. Plaintiff Annette Nash is a woman, a Christian, and a person with a disability. She is a member of three protected classes.

2. Plaintiff has worked at Home Goods Inc. part time since September 30, 2011. She is still employed there.

3. This Home Goods store is in Staten Island, New York, at 2718 Hylan Blvd 10306.

4. Plaintiff was hired part-time as a Floor Associate, starting at $7.25 per hour.

5. Floor Associates worked in the receiver section of the store, receiving the deliveries, preparing for display and placing them on the floor.

6. Plaintiff typically worked from 20 – 22 hours during the week.

7. Plaintiff has been found disabled and since 2006 has received disability benefits from the Social Security Administration.

8. Plaintiff's disabilities include Post-Traumatic Stress Disorder, following a previous incident concerning her son, and anxiety.

9. Defendant has been aware of the Plaintiff's disability since she was hired. Among other things, Home Goods has been in contact with the Social Security Administration and their human resources department has had conversations with Plaintiff about her disability and the need for accommodations.

10. Plaintiff's disability requires that she have regular breaks, and that she be in a quiet and focused environment.

11. In the lamp department, Plaintiff does an excellent job and customers have told mangers how wonderful she is. That department is quiet and she can focus on her work.

12. Plaintiff has requested accommodations from Defendant to accommodate her disability.

13. Defendant has not granted the accommodations.

14. Beginning in November 2011, Plaintiff experienced verbal abuse from fellow co-workers including the comment "Shut the f___ up" and other similar comments based on other workers' perception that Plaintiff was talking too much. She complained to managers at Home Goods. The abuse stopped for a while, but resumed after a few months and has continued

15. Plaintiff was moved to the lamp department in the Spring of 2012. Plaintiff was moved because she Christian music in the break room, and she was experiencing co-workers making fun of her and harassing her.

16. Floor associates typically receive credit in the form of additional pay for good sales, and Plaintiff never received credit for sales, despite the fact that managers told her that her good work increased sales in the lamp department by thousands of dollars.

17. Plaintiff did not receive a raise until almost two years after working at Home Goods, although other Floor Associates received raises.

18. Plaintiff now receives $9.63 per hour, and other employees receive more for the same work. At least one man who was hired around the same time in the same job position received a raise to close to $12.00 per hour, and Plaintiff believes that discovery will show that other men were paid more than she has been as a woman.

19. Plaintiff spoke to the District Manager in 2013 about her displeasure with the job and how she had not received a raise.

20. According to Plaintiff's employment agreement, she was supposed to be evaluated every three to six months, but she received no evaluation for the first two years of her employment.

21. Plaintiff did not get evaluated until a few months after she had been working for two years, whereas upon information and belief, all other associates were being evaluated every six months.

22. Plaintiff in 2013, and 2014 requested to be promoted to Coordinator of the lamp department. Plaintiff's manger stated there was no job opening. She was not promoted, but a male associate received promotion in 2014 and a pay raise. That male associate had been hired around the same time Plaintiff was hired.

23. Plaintiff used to play Christian music in the back room. Other employees played hip hop music that included cursing. Co-workers turned off Plaintiff's music but allowed the music with offensive language to continue.

24. Plaintiff was not promoted because of retaliation for her having made complaints about employees harassing her based on her disability and her religion.

25. Defendant cut Plaintiff's hours in retaliation for her complaints.

26. Plaintiff made her complaints to several managers and human resources representatives, including Jimmy, Moe, and the HR rep Ms. Parker whom Plaintiff spoke with several times including from February 2015 to the present.

27. Ms. Parker asked Plaintiff to please not call the EEOC because she warned that the Defendant would retaliate against her.

28. Plaintiff spoke to a supervisor at the Social Security Administration about the treatment she received at work. This person referred her to the EEOC in early 2015.

29. The EEOC conducted an investigation of Plaintiff's claims of discrimination based on disability and religion, retaliation and equal pay (no raise/payment).

30. Home Goods was made aware of this investigation.

31. Plaintiff received negative write-ups from Home Goods in September 2015. She was suffering from verbal abuse at work during this time, and these complaints were false accusations.

32. The EEOC issued a right to sue letter dated December 11, 2015.

33. Plaintiff has suffered great emotional harm in addition to the pay she should have received with raises and promotions.

34. Because of the emotional harm she suffered at work, Plaintiff has been meeting with a therapist once a week.

35. Plaintiff is still experiencing retaliation at work.

36. Plaintiff is currently looking for another job, but is concerned that Home Goods will provide a poor review if they are contacted as references.

**Only litigants alleging age discrimination must answer Question #11.**

11. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

   ✓ 60 days or more have elapsed.

   ___ less than 60 days have elapsed.

12. The Equal Employment Opportunity Commission *(check one)*:

   ___ has <u>not</u> issued a Right to Sue letter.

   ✓ <u>has</u> issued a Right to Sue letter, which I received on __12-15-15__.
   Date

**NOTE:** Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint. EEOC letter is attached.

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, pre-judgment interest, costs, and attorney's fees.

_Annette Nash_
PLAINTIFF'S SIGNATURE

Dated: __2/22/16__

__26 Ebbits St #4M__
Address
__Staten Island, NY 10306__
__718-351-2555__
Phone Number


EXHIBIT



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Annette Nash
26 Ebbitts St., Apt. 4M
Staten Island, NY 10306

Re:   EEOC Charge No. 520-2015-02209 (Amended)
      Annette Nash v. Home Goods, Inc.

Dear Ms. Nash:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege you were discriminated against because of your disability and subjected to retaliation by Respondent (Home Goods, Inc.). You subsequently amended your charge to include sex (female), religion (Christian), and an Equal Pay Violation.

Respondent's position statement has been previously shared with you. Your rebuttal to this position statement has been received and analyzed. Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Please contact Roxanne Zygmund at phone number (212) 336-3764 if you have any questions.

Sincerely,

_Roxanne Zygmund_ for
Kevin J. Berry
District Director

DEC 11 2015

Date

| EEOC Form 161 (11/09) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|---|---|
| | **DISMISSAL AND NOTICE OF RIGHTS** |

| To: | Annette Nash<br>26 Ebbitts Street<br>Apt. 4M<br>Staten Island, NY 10306 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2015-02209 | Roxanne Zygmund, Investigator | (212) 336-3764 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- **NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Kevin J. Berry,
District Director

DEC 11 2015
(Date Mailed)

cc:
Vanessa K. Hackett, Senior Attorney
Labor and Employment
The TJX Companies, Inc.
770 Cochituate Road
Framingham, Massachusetts 01701